UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE PLATTEN,

        Plaintiff,

and

DEAN HEALTH PLAN,

        Involuntary Plaintiff,

  v.                                                 Case No. 20-C-1265

SMITH & NEPHEW INC.,

        Defendant.

## DECISION AND ORDER DENYING MOTION TO COMPEL

This matter is before the court on Plaintiff Jane Platten's motion to compel. Plaintiff requests that the court conduct an *in camera* review of 53 documents from Defendant Smith & Nephew Inc.'s privilege log to determine whether the documents are appropriately afforded protections by attorney-client privilege and the work-product doctrine and compel the production of any non-privileged documents. For the following reasons, Plaintiff's motion will be denied.

The attorney-client privilege "protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) (citations omitted). The work-product doctrine "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Id.* (citations omitted). Rule 26 of the Federal Rules of Civil Procedure provides that a party withholding information otherwise discoverable on privilege grounds must "expressly make the claim" and "describe the nature of

the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii).

An *in camera* review of allegedly privileged documents is required when the explanation for assertion of the privilege is not sufficient to allow the court to assess claims of privilege. *See United States v. Zolin*, 491 U.S. 554, 571 (1989) (declining to "go so far as to say that the court *may automatically require* a complete disclosure to the judge before the claim of privilege will be accepted *in any* case" (citation omitted)). "While an *in camera* review may be preferable to disclosing the information to the opposing party, courts must be mindful that an *in camera* review itself intrudes on the attorney client privilege." *Herman v. Integrity Prop. & Cas. Ins. Co.*, No. 22-CV-200, 2023 WL 4249207, at *8 (E.D. Wis. June 29, 2023). Though the mere fact that attorneys are listed as recipients of communications does not bar disclosure, the modern trend, especially among corporate defendants, is to work closely with attorneys in conducting their business. *See Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981) ("In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law." (internal quotation marks and citation omitted)). Ultimately, whether to conduct an *in camera* review is within the court's discretion. *See Washtenaw Cty. Emps.' Ret. Sys. v. Walgreen Co.*, No. 15-C-3187, 2020 WL 3977944, at *3 (N.D. Ill. July 14, 2020).

In this case, Defendant's privilege log lists the authors and recipients of emails and documents, a brief description of each withheld communication and document, and the type of privilege asserted. Those descriptions are sufficiently detailed to show why the privilege attaches to those communications and documents without destroying the privilege by divulging too much.

2

Although Plaintiff believes that an *in camera* review may reveal that some of the communications do not concern or invite legal advice and are thus not privileged, there is no basis to believe that Defendant's descriptions are inaccurate. *See Billy Goat IP LLC v. Billy Goat Chip Co. LLC*, No. 17-CV-9154, 2019 WL 10250940, at *4 (N.D. Ill. Feb. 1, 2019) ("Federal courts should certainly not be in the business of always conducting in camera reviews every time a party moves to compel documents identified on a privilege log. Privilege logs are the means by which the opposing party and the Court identify the basis of the privilege and ascertain whether the privilege is properly invoked without the need to go further. Attorneys also have their own professional responsibilities and duties to properly invoke the privilege, which a basis in fact and law, and not always be second-guessed by the courts when a proper and detailed privilege log has been produced."). In short, Plaintiff has failed to establish a right to *in camera* review.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (Dkt. No. 79) is **DENIED**.

Dated at Green Bay, Wisconsin this 26th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
